individual this deduction shall be allowed only as to contributions or gifts made to domestic corporations, or to such vocational rehabilitation fund.

All contributions or gifts made by a taxpayer are not deductible. In order that they may be deductible it must first appear that they were made to a corporation, as defined by the Act. If so, the next inquiry is whether such corporation was organized and operated exclusively for the purposes set forth in the above-quoted section of the statute.

The contributions or gifts made by the decedent were to the committee. It was not contended that they were to or for the Knights of Columbus. The funds were deposited in the name of the committee and disbursements were made by it. This committee was not incorporated.

The taxpayer contends that the contributions made by the decedent to the committee were deductible because the committee was a charitable association and as such, by virtue of the definition in the Revenue Act, is to be treated as a corporation. We can not adopt this view. The committee, as shown by the evidence, was entirely informal. It was not organized and had none of the characteristics which are commonly recognized as those of an association. It was precisely what its name connoted—a committee. We are compelled, therefore, to hold that contributions made to it were not contributions to a corporation within the meaning of the statute and therefore are not deductible.

In view of the basis of the decision, it is unnecessary to decide the question whether the committee met the other requirements of the statute, or to consider whether contributions made directly to an incorporated chapter of the Knights of Columbus were deductible in the years in question.

---

## Appeal of E. B. TOUSEK.                    Docket No. 1497.

Upon the evidence, *held*, that the amount received by the taxpayer in 1920 from A. G. Spalding & Brothers, Inc., was compensation, and not a gift.

Submitted April 15, 1925; decided May 20, 1925.

*Henry Varay*, *C. P. A.*, for the taxpayer.
*J. Arthur Adams*, *Esq.*, for the Commissioner.

Before IVINS, MARQUETTE, and MORRIS.

### FINDINGS OF FACT.

1. From 1899 to January 20, 1920, the taxpayer was in the continuous employ of A. G. Spalding & Brothers, Inc., being an executive officer and acting in the capacity of comptroller and assistant treasurer during the last ten years. He did not have a written contract of employment at any time. In 1919 his regular salary was $10,000 and he received a bonus at the end of the year of $2,000.

2. On January 21, 1920, while proceeding to his place of business, he collapsed in the street, and was thereafter confined to his home under the care of a physician for a period of two years.

3. Some time during 1920 his resignation was requested, but he remained on the pay roll throughout the year, receiving $500 semi-monthly, making a total of $12,000.

4. For the year 1920 the taxpayer forwarded to the collector for his district Form 1040, partially executed, to which was attached a statement setting forth the receipt of the $12,000, and giving as the reason for his failure to include the same in his gross income, that it was in the nature of a gift, as he rendered no services after January 20 of that year. The Commissioner included the amount in the taxpayer's gross income, assessed a tax of $754.17 and rejected his claim in abatement under date of November 28, 1924, from which this appeal is taken.

#### DECISION.

The determination of the Commissioner is approved.

#### OPINION.

MORRIS: It is our opinion that the amount received by the taxpayer in 1920 from A. G. Spalding & Brothers, Inc., was compensation and not a gift. See *Appeal of John H. Parrott*, 1 B. T. A. 1.

---

### Appeal of **BARTLEY SCOW CO., INC.** Docket No. 1885.

Submitted April 7, 1925; decided May 20, 1925.

*Warren J. Eldridge, Esq.*, for the taxpayer.
*Robert A. Littleton, Esq.*, for the Commissioner.

Before STERNHAGEN, TRAMMELL, PHILLIPS, and LOVE.

This appeal involves a deficiency in income taxes for the years 1919, 1920, and 1921, aggregating the sum of $8,611.32. The only issue is as to the amount of invested capital. The Commissioner disallowed $50,000 of $150,000 claimed by the taxpayer.

#### FINDINGS OF FACT.

In 1917, William S. Bartley owned fourteen scows. Being aged and in feeble health, he desired to sell these scows, and by reason of such feeble health, his son, Edward L. Bartley, handled his business for him.

The price asked by William S. Bartley for these fourteen scows was $150,000.

Edward L. Bartley found persons desiring to purchase said scows, viz, the four McAllister brothers. After some negotiations, the